**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL J. BALLOU<br>1250 Riverbed St., Apt. 140<br>Cleveland, OH 44113<br><br>　　　Plaintiff,<br><br>vs.<br><br>VARAD INTERNATIONAL, INC.<br>A California Corporation<br>5349 Zambrano St.<br>Commerce, CA 90040<br><br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 1:18-cv-00028<br><br>JUDGE<br><br><br>Jury Demand Endorsed Hereon |

**CIVIL COMPLAINT**

**FIRST CLAIM FOR RELIEF – PERSONAL INJURY CLAIM**

1. Plaintiff, Michael J. Ballou, (hereinafter referred to as "Plaintiff"), is an individual residing at 1250 Riverbed St. Apt. 140, Cleveland, OH, 44113 and brings this personal injury claim against Defendant, Varad International, Inc.

2. Defendant, Varad International, Inc. is a California corporation with its principal place of business at 5349 Zambrano St., Commerce, CA 90040, which designs, manufactures, imports, sells, and distributes various products, including being the exclusive distributor of Auto Page remote start products throughout the United States, including Ohio. The agent for service of process for Varad International, Inc. is Tachibana & Ochiai Professional Corporation, with its mailing address at 879 W. 190th Street, Suite 900, Gardena, CA 90248.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, since this is a

controversy arising between citizens of different states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00.)

4. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1331 in that the cause of action arose in Cuyahoga County, Ohio and Defendant does business in Cuyahoga County, Ohio.

5. In 2017, Plaintiff purchased a Subaru Legacy in Cleveland, Ohio, equipped with an Auto Page remote starter. On Thursday, November 6, 2017, Plaintiff attempted to remote start his vehicle from his apartment. When that was not successful, he went outside to the car and attempted to remote start the vehicle from in front of the vehicle; this second attempt to remote start the vehicle was also not successful. Following this second attempt, Plaintiff lifted the hood of the vehicle and entered the vehicle, where he sat in the driver's seat and attempted to start the vehicle by inserting the key into the ignition and turning; this attempt also was not successful. This was Plaintiff's last attempt to start the vehicle with the remote start. Next, Plaintiff exited the driver's side door and walked back to the front of the vehicle to further examine the situation; upon approaching the starter pulley, the engine attempted to turn over, in the process pulling Plaintiff's left index finger into the starter pulley. Plaintiff's index finger was shredded to the bone, resulting in substantial permanent damage to the finger, including disfigurement, nerve damage (both areas with no feeling and areas of extreme sensitivity), and broken bones.

6. The starter pulley attempting to engage while the hood was open and after the key had been inserted into the ignition was directly and proximately caused by a defective remote starter designed, manufactured and sold by Defendant.

7. Plaintiff's injuries were directly and proximately caused by the defective remote starter.

8. Plaintiff's injuries and damages were directly and proximately caused by Defendants and/or its employees and agents acting within the scope of said employment, who engaged in the following

wrongful acts:

    a. Manufactured, designed, marketed, and sold the remote starter and/or its component parts in a defective condition, including defects in manufacture, design, and lack of adequate pre-marketing and post-marketing warnings and instructions in violation of Ohio Revised Code §§ 2307.73 - 77. The remote starter did not include proper design to ensure the safety of the product. This product, according to its operation manual normally contains a mechanism that prevents the remote starter from functioning when either: 1.) the hood is open; 2.) the key has been inserted into the ignition; or 3.) the button is continually held down. The design defect here, is that the product does not contain a mechanism or process to ensure that these safety mechanisms are properly installed. It would be fairly simple for the manufacturer to install a security key to ensure that the remote starter can only be installed by a licensed technician and only installed with all proper safety features installed. This would prevent improper installation, which circumvents installation of the above mentioned safety features. Alternatively, the product should be designed to cease functioning in the event that the safety features are subsequently removed. Plaintiff asserts that such a design is feasible.

    b. Negligently manufactured and designed the remote starter and/or its component parts; negligently failed to provide adequate pre-marketing and post-marketing warnings or instructions with the dehumidifier and/or its component parts; and were otherwise negligent.

    c. Breached express warranties and/or implied warranties of merchantability and fitness for a particular purpose.

    d. Defendants' conduct was willful, wanton, reckless, and manifested a flagrant

indifference to the safety of consumers of its products.

9. Plaintiff suffered severe bodily injury, pain, suffering, severe mental anguish, emotional distress, loss of enjoyment of life, and incurred doctor, hospital and other medical expenses, as well as lost wages and an impaired earning capacity, all of which are ongoing in nature and are permanent.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following amounts: Five Hundred Thousand Dollars ($500,000.00) in compensatory damages; Plaintiff further demands punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), court costs, attorney fees and all other relief to which Plaintiff is entitled to by law.

Respectfully Submitted,

s/ Steven J. Trapp
1797 Pearl Rd.
Brunswick, OH 44212
Phone: (440) 522-1009
Fax: (330) 220-2106
E-mail: stevenjtrapp@gmail.com
Ohio bar registration number: 0091034

JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

s/ Steven J. Trapp
Steven J. Trapp (0091034)